08-2086-ag
Chen v. Holder

BIA
Abrams, IJ
A99 083 187

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of February, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*

_____

QI LIN CHEN,
> *Petitioner*,

v.                                08-2086-ag
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[*]
> *Respondent*.

_____

FOR PETITIONER:          Michael Brown, New York, NY.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:**          **Michael F. Hertz, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Imran R. Zaidi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qi Lin Chen, a native and citizen of the People's Republic of China, seeks review of an April 8, 2008 order of the BIA, affirming the June 2, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Lin Chen*, No. A99 083 187 (B.I.A. Apr. 8, 2008), *aff'g* No. A99 083 187 (Immig. Ct. N.Y. City June 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's

2

opinions -- or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination. Indeed, the IJ reasonably found that Chen was hesitant in answering his questions and provided limited detail when so questioned. *See id*. As the IJ was in the best position to discern the impression conveyed by Chen, we accord the IJ's demeanor finding particular deference. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Additionally, the agency appropriately relied, in part, on the discrepancy between Chen's submission of an abortion certificate that he claimed

3

his wife received following an allegedly forced abortion, and a U.S. Department of State report indicating that such certificates are issued only for voluntary abortions. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007). Regarding the IJ's finding that Chen failed to submit sufficient corroborating evidence to rehabilitate his testimony, contrary to Chen's argument, the IJ was not obligated to first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available before relying on this lack of corroboration to support his adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (holding that these steps are not required when the applicant is not otherwise credible).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). Thus, the agency properly denied Chen's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk